UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SILK TITLE HOLDINGS, LLC, SILK TITLE & ESCROW, LLC )<br>　　Plaintiffs, )<br>)<br>v. )<br>)<br>FIFTH THIRD BANK, NA, )<br>　　Defendant. ) | C.A. No. 23-cv-529-MSM-LDA |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

The plaintiffs, Silk Title Holdings, LLC and Silk Title & Escrow, LLC (together "Silk") move to dismiss defendant Fifth Third Bank, NA's ("Fifth Third") counterclaims pursuant to Fed. R. Civ. P. 12(b)(6) and to strike several affirmative defenses under Fed. R. Civ. P. 12(f).  (ECF No. 34.)   For the reasons below, the plaintiffs' motion is DENIED.  (ECF No. 34.)

I.   BACKGROUND

The Silk plaintiffs are Rhode Island based limited liability companies providing title insurance, search, and settlement services to banks and independent mortgage brokers "across the United States." (ECF No. 12 at 2.) The defendant, Fifth Third Bank, is a national banking association organized under the laws of the United States with its main office in Cincinnati, Ohio.  *Id.*  This is a breach of contract case about a "credit" Fifth Third placed in Silk's accounts with Fifth Third that the bank later "reversed."  (ECF No. 12 at 3–8.)  Silk alleges that the reversal was unlawful

and argues that the credit was agreed upon in exchange for Silk's transferring certain bank accounts from Wells Fargo Bank to Fifth Third. *Id.* Fifth Third counters that the credit was unauthorized and fraudulently procured. (ECF No. 19 at 3.) Fifth Third counterclaims for breach of contract and unjust enrichment alleging Silk unlawfully retained a portion of the credit and failed to meet its obligations to the bank under the related agreements. *Id.*

## II. STANDARD OF REVIEW

When confronted with a motion to dismiss a counterclaim under Fed. R. Civ. P. 12(b)(6), the Court accepts as true all well-pled facts in the counterclaim, draws all reasonable inferences in favor of the counterclaimant, and looks to whether, "under any theory," the allegations of the counterclaim are sufficient to state a cause of action. *Knight v. Mills*, 836 F.2d 659, 664 (1st Cir. 1987). Dismissal under that Rule is appropriate only if the counterclaim, so viewed, fails to allege "a plausible entitlement to relief." *Rodriguez-Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95 (1st Cir. 2007).

A motion to strike under Fed. R. Civ. P. 12(f) is the principal procedure for objecting to an 'insufficient' affirmative defense. *Gilbert v. Eli Lilly Co.*, 56 F.R.D. 116, 120 (D.P.R. 1972). Motions under that Rule are generally "not favored and should not be granted, even in cases where the averments complained of are literally within the provisions of Rule 12(f) … in the absence of a demonstration that the allegations attacked have no possible relation to the controversy and may prejudice the other party." *Id.* at 121. The affirmative defense of fraud will nevertheless be

struck when not pled with particularity. *Bose Corp. v. Ejaz*, 732 F.3d 17, 22 (1st Cir. 2013) (citing Fed. R. Civ. P. 9(b)).

### III. DISCUSSION

#### A. The Counterclaims

Fifth Third's breach of contract and unjust enrichment counterclaims rely primarily on an allegation that "the [relevant] account credits were [not] properly authorized or were procured by Silk … through some malfeasance." (ECF No. 35 at 6.) Silk argues that this allegation is not plausible because "[t]he Treasury Management contracts attached to the Counterclaim clearly state that the actions of Fifth Third Bank in performing under the Treasury Management contracts are 'authorized'." (ECF No. 34 at 2.) While it is true that certain relevant agreements between Silk and Fifth Third state that "the execution, delivery and performance by Bank of this Agreement has been authorized by all necessary corporate and governmental action," (ECF No. 19-11 at 4), the agreements do not include a promise by the bank to provide $1.5 million in account credits to Silk. (ECF No. 35 at 3.) And Fifth Third contends that once it learned of the credits, "it took immediate action to reverse the credits and sought return of the funds associated with the same." *Id.* Fifth Third's complaint is that "[r]ather than recognize the obvious absurdity of having received $1.5MM in credits for nothing," Silk stopped meeting its obligations to Fifth Third "and filed this action." *Id.* Fifth Third alleges that Silk in reality owes "$1.08 million on [a] Note, $47,299.78 on [a] Credit Card Account, $5,160.64 in

3

overdraft fees, and $500,000 for an unauthorized credit that Silk liquidated and refused to refund." *Id.*

Because the actual language of the agreements between Silk and Fifth Third makes no promise of $1.5 million in account credits, and because Fifth Third alleges that the credits were "procured by Silk Title acting in concert with and unreasonable reliance on [an unauthorized Fifth Third employee]," *id.* at 10, the bank's breach of contract and unjust enrichment counterclaims are plausible. Fed. R. Civ. P. 12(b)(6). Silk's Motion to Dismiss the Counterclaims is therefore DENIED. (ECF No. 34.)

### B.  The Affirmative Defenses

Silk's argument under Fed. R. Civ. P. 12(f) targets Fifth Third's fraud-related affirmative defenses—defenses 5 and 7—for "failing to plead fraud with particularity under Fed. R. Civ. P. 9(b)." (ECF No. 34 at 14.) That Rule provides "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed R. Civ. P. 9(b). The objected-to affirmative defenses state: "Plaintiffs' claims are barred by the doctrine(s) of assumption of the risk, estoppel, waiver, release, fraud, unclean hands, res judicata, collateral estoppel and/or laches" and "[p]laintiffs' claims of damages or liability are the result of the fraudulent or wrongful actions or omission of persons or parties other than Fifth Third who acted outside the scope of their employment with Fifth Third." (ECF No. 19 at 10–11.)

Although the challenged defenses appear threadbare on their face, earlier in the Answer, Fifth Third identifies Larry Chapman as the relevant employee acting

4

outside the scope of his employment and in concert with Silk to issue the allegedly unauthorized credits. (ECF No. 19 at 7 ¶¶ 37, 40, 16-17 ¶¶ 32-40); *see New England Data Servs., Inc. v. Becher*, 829 F.2d 286, 288 (1st Cir. 1987) ("[I]t is clear that in a general fraud case, Rule 9 requires specification of the time, place, and content of an alleged false representation, but not the circumstances or evidence from which fraudulent intent could be inferred."). Fifth Third therefore pleads fraud with sufficient particularity. *See id.* ("The major purpose of Rule 9 is to give adequate notice of the plaintiff's claim of fraud."). For that reason, and because Silk has not illustrated that "the attacked [affirmative defenses] have no possible relation to the controversy and may prejudice the[m]," *Gilbert*, 56 F.R.D. at 121, the plaintiffs' motion to strike is DENIED.

## IV. CONCLUSION

The Silk plaintiffs' Motion to Dismiss the Counterclaims and to Strike Affirmative Defenses 5 and 7, (ECF No. 34), is DENIED.

IT IS SO ORDERED.

*[signature]*

Mary S. McElroy
United States District Judge
September 6, 2024